## SEELEY et, Plaintiffs-Appellees, v. PEOPLES TRANSIT COMPANY, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2056.   Decided December 6, 1949.

Frank W. Krehbiel, Dayton, for plaintiffs-appellees.

Landis, Ferguson, Bieser & Greer, R. K. Landis, Jr., Dayton, for defendant-appellant.

### OPINION

By HORNBECK, J:

This is an appeal on questions of law from a judgment of the Municipal Court of the City of Dayton for $270.00 and costs in favor of plaintiffs and against defendant, the judgment entered upon a finding of the trial judge, jury having been waived. There was also separate findings of fact and law.

Four errors are assigned. First, in finding that the defendant was negligent as charged; second, in failing to find that plaintiff was contributorily negligent; third, failure of proof of the ownership of the automobile involved; and fourth, error in the amount of the damages.

Upon the first two assignments there is presented only a factual issue which was for the trier of the facts to determine, who held in favor of the plaintiff upon the claim of defendant's negligence and against the defendant on the claim that the plaintiff was contributorily negligent.

The plaintiff's theory of the case, to the effect that the operator of defendant's bus entered the intersection in which the collision occurred when the traffic light was red against

him, is supported by the plaintiff and three of his witnesses. Each of his witnesses says that the defendant entered the intersection against the red light and the plaintiff testifies that although he did not see the bus when it entered the intersection, the light was green for him when he moved into it. There is direct conflict with this testimony by that of three witnesses for the defendant—passengers on the bus involved in the collision—and by the operator of the bus, all of whom say that the light was green for the bus when it entered the intersection.

All of the circumstances attending the collision were before the trial judge and the case presents the ordinary test which must be applied in this Court, namely, was the conclusion of the trier of the facts so manifestly against the weight of the evidence as to shock the conscience of the reviewing court. We can not so find. There is ample support for the finding and judgment upon the issue of ·the negligence of the defendant and of the contributory negligence of plaintiff Seeley, driver of the automobile which was damaged.

Upon the third assignment there was no issue as to the ownership of the automobile because of the statement of defense wherein it is admitted·that "as a result of that collision the automobile of Charles A. Seeley was damaged."

Upon the fourth assignment of error there is support in the record for the amount of the judgment.

The judgment will be affirmed.

MILLER, PJ, and WISEMAN, J, concur.